UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM, #272693, et al.

                    Plaintiffs,                    Case No. 1:15-cv-1067

v.                                                 Honorable Janet T. Neff

HEIDI E. WASHINGTON et al.,

                    Defendants.
_____/

## OPINION

Plaintiffs Michael Gresham, Deondre Elie, and Daniel John Derda, prisoners incarcerated at Ionia Correctional Facility, filed a joint complaint pursuant to 42 U.S.C. § 1983. Plaintiff Gresham seeks leave to proceed *in forma pauperis* (ECF No. 2). Neither other Plaintiff has either paid a proportionate share of the filing fee or applied to proceed *in forma pauperis*. The current fee for a civil action is $350.00 for prisoners proceeding *in forma pauperis*. Ordinarily, where there are multiple plaintiffs, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). However, in this action, because the claims of the three Plaintiffs are improperly joined, the Court will dismiss the claims brought by Plaintiffs Elie and Derda for improper joinder and grant leave to proceed *in forma pauperis* to Plaintiff Gresham.

## Discussion

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report). This is particularly true when prisoners seek to join multiple plaintiffs in a single lawsuit because the circumstances of confinement are not compatible with such litigation. *See Boretsky v. Corzine*, No. 08–2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008) (collecting cases and noting difficulties such as the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation"). Additionally, prisoners seeking to bring civil rights actions challenging the conditions of their confinement have individual and specific hurdles to overcome, such as venue, stating a valid claim for relief, demonstrating exhaustion of administrative remedies, and complying with the applicable statute of limitations, which makes multi-party litigation difficult. *See Proctor*, 661 F. Supp. 2d at 756; *Fisher v. Taylor*, No. 10–3991(RBK), 2010 WL 3259821, at *3 (D.N.J. Aug. 17, 2010) (stating that joinder may not be appropriate where a separate determination is required to determine whether plaintiffs have complied with the exhaustion requirement and citing cases). Furthermore, prisoners should not be allowed to proceed with multiple-plaintiff litigation on unrelated claims in order to circumvent the

filing fee requirements for federal civil actions or the PLRA's three strikes provision.  *See, e.g.,*
*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458,
464 (5th Cir. 1998).

FED. R. CIV. P.  18 governs the joinder of claims and FED. R. CIV. P. 20 governs the
permissive joinder of parties.[1]  Rule 18(a) provides: "A party asserting a claim . . . may join, as
independent or alternative claims, as many claims as it has against an opposing party."  Rule
20(a)(1) addresses when multiple plaintiffs may bring a joint action: "Persons may join in one action
as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect
to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will arise in the action."  When multiple
parties are named, the analysis under Rule 20 precedes that under Rule 18.  *See, e.g., Proctor v.*
*Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009).  Thus, when joining multiple plaintiffs in
a single action, the two-part test of Rule 20(a)(1) must be met.

Here, Plaintiffs Gresham, Elie and Derda have failed to meet the two-part test of Rule
20(a) for the joinder of multiple plaintiffs. While Plaintiffs all bring some claims related to prison
sexual assaults, their claims do not arise out of the same transaction, occurrence, or series of
transactions or occurrences.  Instead, their claims are personal to them and involve distinct factual
scenarios even though the applicable legal standards may be the same.  *See Proctor*, 661 F. Supp.
2d at 779 (finding claims factually unrelated even though plaintiffs alleged that defendants subjected
them to the same or similar treatment); *Catanzaro v. Mich. Dep't of Corr.*, No. 08–11173, 2009 WL
4250027, *13 (E.D. Mich. Nov. 19, 2009) (adopting magistrate judge's report finding that plaintiffs

---

[1]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable to this case.
*See* FED. R. CIV. P. 19.

- 3 -

were mis-joined where they raised different claims and their retaliation claims had different factual predicates); *Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D. Ill.1993) (similar procedural errors did not convert independent prison disciplinary hearings into same transaction or occurrence). Plaintiffs' alleged assaults were inflicted by different Defendants on different occasions.  Under these circumstances, joinder of multiple plaintiffs in this one civil rights action is inappropriate.

Under FED. R. CIV. P.  21, "[m]isjoinder of parties is not a ground for dismissing an action."  Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006), *Carney v. Treadeau*, No. 2:07-CV-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp.2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse stat-ute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties."  *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845.  Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with

- 4 -

prejudice.  *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In this case, Plaintiffs bring causes of action under 42 U.S.C. § 1983.  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  To the extent Plaintiffs provide dates for their claims, their causes of action accrued less than three years ago.  Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice."  *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).  Because the Court will dismiss Plaintiffs Elie and Derda without prejudice under FED. R. CIV. P. 21, the time during which the current suit was pending will thus toll the statute of limitations on their claims.  As Plaintiffs Elie and Derda will not suffer gratuitous harm if this action is dismissed, the Court will exercise its discretion under Rule 21 and dismiss Plaintiffs Elie and Derda, without prejudice to their institution of new, separate lawsuits.  *See Coughlin*, 130 F.3d at 1350  ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).  The case will proceed with respect to Plaintiff Gresham.

## Conclusion

For the foregoing reasons, the Court will dismiss Plaintiffs Elie and Derda from the action without prejudice, because their claims were improperly joined.  An order of partial dismissal and an order granting leave to proceed *in forma pauperis* to Plaintiff Gresham will issue.


Dated:   November 9, 2015                                    /s/ Janet T. Neff
                                                             Janet T. Neff
                                                             United States District Judge

**<u>SEND REMITTANCES TO THE FOLLOWING ADDRESS</u>**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**